UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARMSTRONG AIR CONDITIONING &
HEATING OF CENTRAL FLORIDA,
INC. d/b/a ARMSTRONG AIR &
HEATING, INC.,

    Plaintiff,                                  **CASE NO. 6:20-cv-449-orl-RBD-GJK**

v.

LENNOX INDUSTRIES, INC.

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SHORT FORM DISCOVERY MOTION**

Defendant failed to fully comply with this court's standing order on discovery, and vastly overstates the nature and extent of the parties' dispute. First, Defendant failed to include Plaintiff's response to Defendant's Request for Production as an exhibit to its motion. They are attached hereto as **Exhibit** A. Second, and more critically, Defendant failed to note that the dispute centers on one aspect of one request for production – whether Plaintiff's credit applications and loan *documents – not applications* – are in any way relevant to any aspect of this litigation.[1] After conferring, the only remaining dispute is limited to Request Number 24, which originally requested documents "discussing or referencing whether [Armstrong]'s sales, revenues, and/or profits were below, at or above" expectations. Notwithstanding Plaintiff's objections to Request Nos. 19-22, Plaintiff has agreed to produce the documents sought by those requests. By agreeing to produce

---

[1] It appears that Defendant is now further narrowing its request to credit and loan *applications* and has dropped its request for loan *documents*, apparently conceding that such documents are irrelevant.

1

balance sheets, income statements, profit and loss statements, tax returns, and marketing plans in response to Request Nos. 19-22, Plaintiff is providing ample documentation which is also responsive to Request Number 24 and which is sufficient to show Plaintiff's profitability during the relevant time period.  However, credit applications and loan documents are well beyond the scope of any issue in dispute in this litigation, are beyond the scope of the request itself, and are irrelevant and not proportional to the needs of this case.

In its effort to show their relevance, Defendant illustrates the very nature of the fishing expedition in which it is engaged.  Defendant's argument is that because a small business loan application **may** have some of the information they are seeking (information which Plaintiff has agreed to produce in the form of the documents referenced above), somehow every credit and loan application therefore has relevant information.  This argument begs the very question it seeks to answer – whether the requested documents are relevant to any issue in dispute in the litigation.  The cases cited by Defendant also fail to support their claim to these documents – for example, the *Cottam* case involved documents like tax returns and income and expense reports – precisely the type of documents that Plaintiff has agreed to produce in this case.  *Cottam v. Pelton*, 2017 U.S. Dist. LEXIS 151783 at *5 (M.D. Fla. Sept. 19, 2017).  Indeed, Defendant's argument for relevance is comparable to the plaintiff's argument in *Yormak* – that the requested documents "could contain [information] which could lead to admissible discovery" – that type of "cursory argument" is insufficient to show that the requested documents are "relevant to the instant litigation." *Yormak v. Yormak*, 2014 U.S. Dist. LEXIS 129398 at *8, n.3 (M.D. Fla.  Sept. 16, 2014).

WHEREFORE, Plaintiff, requests this Honorable Court deny Defendant's Motion and tax the Defendant with the costs of the motion.

DATED: August 27, 2020.

        */s/ Byron L. Saintsing*
        BYRON L. SAINTSING
        North Carolina Bar Number: 16035
        Smith Debnam Narron Drake Saintsing & Myers, LLP
        PO Box 176010
        Raleigh, NC 27619
        Telephone: (919) 250-2000
        Facsimile: (919) 250-2211
        Email: bsaintsing@smithdebnamlaw.com

        */s/Brian L. Wagner*
        BRIAN L. WAGNER
        Florida Bar Number: 0142727
        Mateer & Harbert, P.A.
        225 East Robinson Street, Suite 600
        Orlando, Florida 32801-2854
        Telephone: (407) 425-9044
        Facsimile: (407) 423-2016
        Primary: bwagner@mateerharbert.com
        Secondary: semerson@mateerharbert.com
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of August, a true and correct copy of the foregoing has been filed electronically through this Court's CM/ECF system, with electronic service to: **Attorneys for Defendant**, I. William Spivey, II at spiveyw@gtlaw.com, Courtney M. Keller at kellerc@gtlaw.com, Colin S. Baker at bakerco@gtlaw.com, Steven J. Rosenwasser at rosenwassers@gtlaw.com and nef-iws@gtlaw.com and FLservice@gtlaw.com.

        */s/ Byron L. Saintsing*
        BYRON L. SAINTSING